UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
JOEL V.E.,

                             Plaintiff,             <u>DECISION AND ORDER</u>
                                                   1:22-cv-08050-GRJ

       v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In December of 2019, Plaintiff Joel V.E.[1] applied for Disability

Insurance Benefits and Supplemental Security Income Benefits under the

Social Security Act. The Commissioner of Social Security denied the

applications.  Plaintiff, represented by the Law Office of Joseph A.

Romano, Joseph Albert Romano, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 17).

      This case was referred to the undersigned on November 8, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 9,

12). For the following reasons, Plaintiff's motion is due to be denied, the

Commissioner's motion is due to be granted, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on December 16, 2019, alleging disability

beginning March 29, 2019. (T at 272-78, 279-80).[2]  Plaintiff's applications

were denied initially and on reconsideration.  He requested a hearing

before an Administrative Law Judge ("ALJ").

A hearing was held on December 20, 2021, before ALJ Angela

Banks. (T at 41-66). Plaintiff appeared with an attorney and testified. (T at

47-59). The ALJ also received testimony from Elizabeth LaFlamme, a

vocational expert. (T at 59-65).

### B.    ALJ's Decision

On May 3, 2022, the ALJ issued a decision denying the applications

for benefits. (T at 12-35).  The ALJ found that Plaintiff had not engaged in

substantial gainful activity since March 29, 2019 (the alleged onset date)

and met the insured status requirements of the Social Security Act through

March 31, 2019 (the date last insured). (T at 17).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

The ALJ concluded that Plaintiff's lumbar and cervical stenosis and degenerative disc disease, degenerative joint disease and meniscus tear in the right knee, impingement syndrome in the right shoulder, and bursitis in the right hip were severe impairments as defined under the Act. (T at 18).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can reach overhead occasionally and in all other directions frequently with his dominant, right upper extremity; he can occasionally balance on uneven terrain, but is not limited in his ability to maintain balance on even terrain; and he can occasionally stoop, crouch, kneel, crawl and climb ramps and stairs; but he can never climb ladders, ropes, or scaffolds. (T at 18-19).

The ALJ concluded that Plaintiff could not perform his past relevant work as a car washer, food deliverer, taxi driver, or personal trainer/health club worker. (T at 26).  However, considering Plaintiff's age (29 on the alleged onset date), education (at least high school), work experience, and

RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 29, 2019 (the alleged onset date) and May 3, 2022 (the date of the ALJ's decision). (T at 28).  On July 18, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on September 20, 2022. (Docket No. 1).  On March 29, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 9, 10).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on May 23, 2023. (Docket No. 12, 13).

## II.  APPLICABLE LAW

A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999).  The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.     *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she

lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is
> currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has
> a "severe impairment" which limits his or her mental or physical
> ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner
> must ask whether, based solely on medical evidence, claimant
> has an impairment listed in Appendix 1 of the regulations. If the
> claimant has one of these enumerated impairments, the
> Commissioner will automatically consider him disabled, without
> considering vocational factors such as age, education, and
> work experience.
>
> 4. If the impairment is not "listed" in the regulations, the
> Commissioner then asks whether, despite the claimant's severe
> impairment, he or she has residual functional capacity to
> perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises one primary argument in support of his request for reversal of the ALJ's decision.  Plaintiff contends that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§

404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated

new regulations regarding the consideration of medical opinion evidence.

The revised regulations apply to claims filed on or after March 27, 2017.

*See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits

was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical

opinions," but rather considers all medical opinions and "evaluate[s] their

persuasiveness" based on supportability, consistency, relationship with the

claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a),

(b)(2).   The ALJ is required to "articulate how [he or she] considered the

medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and

supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent

with evidence from other medical sources and non-medical sources." *Dany*

*Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. §

416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Arnold B. Wilson, a treating physician, provided a letter dated October 31, 2021, in which he described Plaintiff as capable of light duty work involving lifting of no more than 20 pounds. (T at 1186). Dr. Wilson opined that Plaintiff was unable to sit or stand for prolonged periods. (T at 1186).

The ALJ found Dr. Wilson's assessment of Plaintiff's ability to perform light work persuasive, with the addition of limitations related to reaching with his right upper extremity due to shoulder pain. (T at 24).  The ALJ, however, determined that Dr. Wilson's opinion regarding Plaintiff's ability to sit and stand for prolonged periods was not persuasive. (T at 24-25).  The

Court finds the ALJ's consideration of Dr. Wilson's opinion supported by substantial evidence and consistent with applicable law. Here's why.

First, the ALJ reasonably read the treatment record, including Dr. Wilson's own treatment notes, as not supportive of the more restrictive aspects of his opinion. (T at 24).  Dr. Wilson's notes reported that surgery had largely resolved Plaintiff's complaints of knee pain. (T at 529, 674, 1150).

Clinical examinations evidenced that Plaintiff had normal gait, could squat fully, walk on heels and toes without difficulty, had no motor or sensory deficits, and obtained relief from light exercise and stretching. (T at 80-81, 838-39, 114-15, 771-72, 1286).  *See Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); *see generally Sanders v. Comm'r of Soc. Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment

of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Second, the ALJ found Dr. Wilson's opinion inconsistent with other medical opinion evidence.  (T at 24-25).

Dr. Mark Kramer, Plaintiff's treating orthopedic surgeon, reported in February of 2021 that Plaintiff had reached maximum medical improvement, retained full mobility in his right knee and right hip, and appeared to be exaggerating his symptoms. (T at 1016-17).

Dr. Merritt Kinon conducted a neurosurgical evaluation of Plaintiff in November of 2020.  Dr. Kinon observed no signs of frank cervical myelopathy or significant stenosis in the cervical spine that could account for Plaintiff's symptoms. (T at 838-39).

Dr. Saeed and Dr. Putcha, non-examining State Agency review physicians, opined that Plaintiff could perform a range of light work. (T at 25, 80-81, 114-15). *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the

record as a whole.'")(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)).

Plaintiff offers an alternative reading of the record, wherein greater weight is assigned to the limitations assessed by Dr. Wilson and more significance is attached to the record indicating more restriction on his ability to sit, stand, and lift.

For the reasons explained above, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

Notably, the ALJ did not discount the evidence of limitation completely and accounted for Plaintiff's documented pain and impairment by limiting him to a reduced range of light work. (T at 18-19).

Plaintiff also contends that the ALJ's step five analysis is flawed.  In particular, he argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all his limitations. This argument is a restatement of Plaintiff's other challenges to the ALJ's assessment of the medical opinion evidence and is unavailing for the reasons outlined above.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED; and this case is DISMISSED.  The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: November 27, 2023          *s/ Gary R. Jones*
                                  GARY R. JONES
                                  United States Magistrate Judge